| | |
|---|---|
| Aaron M. Kaufman (Texas Bar No. 24060067) | Keith J. Larson (*pro hac* application to come) |
| Amber M. Carson (Texas Bar No. 24075610) | **MORGAN POTTINGER MCGARVEY** |
| **GRAY REED** | 401 South Forth Street, Suite 1200 |
| 1601 Elm Street, Suite 4600 | Louisville, KY 40202 |
| Dallas, TX 75201 | Telephone: (502) 560-6758 |
| Telephone: (214) 954-4135 | Facsimile: (502) 585-3498 |
| Facsimile: (214) 953-1332 | Email: kjl@mpmfirm.com |
| Email: akaufman@grayreed.com | |
| acarson@grayreed.com | |

*Counsel to Community Financial Services Bank*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 7 |
| | § | |
| MCCLAIN FEED YARD, INC., *et al.*,[1] | § | Case No. 23-20084-SWE |
| | § | |
| Debtors. | § | (Jointly Administered) |
| | § | |
| KENT REIS, | § | |
| *Chapter 7 Trustee for the Bankruptcy Estates of McClain Feed Yard, Inc.., McClain Farms, Inc., and 7M Cattle Feeders, Inc.*, | § | |
| | § | |
| Plaintiff, | § | Adv. Proc. No. 25-02005-SWE |
| | § | |
| v. | § | |
| | § | |
| COMMUNITY FINANCIAL SERVICES BANK, *et al.,* | § | |
| | § | |
| Defendants. | § | |

**COMMUNITY FINANCIAL SERVICE BANK'S
<u>RESPONSE TO TRUSTEE'S REQUEST FOR A STATUS CONFERENCE</u>**

---

[1] The Debtors in these jointly administered chapter 7 cases, along with their case numbers, are: McClain Feed Yards, Inc. (Case No. 23-20084-SWE); McClain Farms, Inc. (Case No. 23-20085-SWE); and 7M Cattle Feeders, Inc. (Case No. 23-20086-SWE).

Community Financial Services Bank ("CFSB") files this response (the "Response") to the *Trustee's Request for Status Conference* [Adv. Pro. Docket No. 14] (the "Request"), filed by Kent Reis, chapter 7 trustee in the underlying chapter 7 bankruptcy cases ("Plaintiff" or "Trustee"), and would respectfully represent the following:

1. The Trustee requests a status conference **in this Adversary Proceeding** "to allow parties to summarize the history and future plans for the cases." *Request*, ¶ 1.

2. The Trustee made a similar, albeit not identical, request in the main chapter 7 cases. *See* Case No. 23-20084, Docket No. 339.

3. CFSB does not oppose a status conference in the ***underlying*** chapter 7 cases. CFSB agrees that a status conference in the ***underlying*** chapter 7 cases will aid the Court's understanding of the open issues pending in the ***underlying*** chapter 7 cases.

4. But a status conference **in this Adversary Proceeding** is premature, unnecessary, and potentially prejudicial to CFSB. Nothing is pending in this Adversary Proceeding. The Complaint was filed less than 30 days ago, on March 14, 2025, and, as the Trustee acknowledges in the Request, no answers are due for at least another 30 days. A status conference "to allow the parties to summarize the history and future plans for the cases" risks prejudicing the parties before they have had an opportunity to file answers or motions to dismiss in this Adversary Proceeding.

5. The Trustee also suggests in the Request that the parties in this Adversary Proceeding "could not reach a consensus" on an agreed scheduling order "because of the numerous parties involved." *Id.* ¶ 4. The Trustee seems to suggest that a status conference is required under Part II.3 of the Standing Scheduling Order, which was automatically entered in this Adversary Proceeding. *See* Docket No. 8. That may become accurate in the future, but it is simply premature

2

to make this representation before the parties have filed their answers and/or motions to dismiss. The Trustee agreed to a deadline of May 19, 2025, for CFSB to file its response to the Complaint.

6.  It is also not entirely accurate to represent that the parties in this Adversary Proceeding are too numerous to reach consensus on an agreed scheduling order. There are only four defendants in this Adversary Proceeding, and, on Friday, March 28, 2025, Trustee's counsel circulated a proposed schedule order via e-mail to counsel to the following persons, representing counsel for all four defendants:



7.  The Request fails to advise the Court that, on Tuesday April 1, 2025, the undersigned counsel for CFSB sent a "Reply All" e-mail with CFSB's proposed edits to the scheduling order. As of the filing of this Response, *no one* has responded to CFSB's comments—formally or informally, via e-mail, phone, text, or otherwise. While it is possible the parties may reach in impasse in the future, it is inaccurate to represent that such an impasse exists today.

8. To the extent the Standing Scheduling Order requires CFSB to notify the Court of its position, CFSB hereby notifies the Court that it does not consent to the Standing Scheduling Order automatically entered in this Adversary Proceeding. However, CFSB does not believe a status conference in the coming weeks is necessary or helpful to reach a consensus on an agreed scheduling order.

9. In short, a status conference is not warranted in this Adversary Proceeding. As such, the Request should be denied, without prejudice to refiling at a later time, once the defendants have filed their answers and/or motions to dismiss in the coming weeks.

[*Remainder of page intentionally left blank*]

WHEREFORE, CFSB respectfully requests that this Court deny the Request, without prejudice to refiling at a later time, and for such other relief as may be warranted under the circumstances.

Respectfully submitted this 10th day of April, 2025.

        **GRAY REED**
        By:  */s/ Aaron M. Kaufman*
             Aaron M. Kaufman
             Texas Bar No. 24033684
             Amber M. Carson
             Texas Bar No. 24075610
        1601 Elm Street, Suite 4600
        Dallas, TX 75201
        Telephone:    (214) 954-4135
        Facsimile:     (214) 953-1332
        Email:          akaufman@grayreed.com
                         acarson@grayreed.com

        -and-

        **MORGAN POTTINGER MCGARVEY**
            Keith J. Larson
            *Pro Hac Application to be filed*
        401 South Forth Street, Suite 1200
        Louisville, KY 40202
        Telephone:    (502) 560-6758
        Facsimile:     (502) 585-3498
        Email:          kjl@mpmfirm.com

        *Counsel to Community Financial Services Bank*

**Certificate of Conference and Service**

I certify that on April 9, 2025, counsel for the Trustee e-mailed counsel for all defendants with a courtesy copy of the Request. I immediately responded that such a Request was unnecessary and that CFSB intended to so advise the Court if it was not withdrawn. Counsel for the Trustee responded that a status conference was at least necessary to address the scheduling order and declined to withdraw the Request.

On April 10, 2025, the undersigned filed the Response and caused a copy of the foregoing document to be served via electronic mail on the counsel listed below and via the Electronic Case Filing System for the United States Bankruptcy Court for the Northern District of Texas and separately e-mailed to all attorneys on the Trustee's e-mail exchange from March 28, 2025:

**For the Trustee-Plaintiff:**
Alan Dabdoub (adabdoub@lynnllp.com);
Hudson Jobe (hjobe@jobelawpllc.com);
Campbell Sode (csode@lynnllp.com);
Farsheed Fozouni (ffozouni@lynnllp.com);
Nathaniel Plemons (nplemons@lynnllp.com);
Steven Gersten (sgersten@lynnllp.com);
Kay Ridenour (KRidenour@lynnllp.com);
Whitney Gillaspie (wgillaspie@lynnllp.com)

**For RABO Agrifinance, LLC:**
Michael Johnson (MJohnson@rqn.com);
Heath Hendricks (heath.hendricks@uwlaw.com);
Matthew Cannon (mcannon@rqn.com)

**For HTLF Bank:**
John H. Lovell (john@lovell-law.net)

**For Mechanics Bank:**
Rick Illmer (rick.illmer@huschblackwell.com);
Buffey Klein (buffey.klein@huschblackwell.com);
Javon Johnson (Javon.Johnson@huschblackwell.com);
Alex Brakefield (Alex.Brakefield@huschblackwell.com);
Karen Massey (Karen.Massey@huschblackwell.com)

                                                */s/ Aaron M. Kaufman*
                                                Aaron M. Kaufman