HUDSON M. JOBE
JOBE LAW PLLC
6060 NORTH CENTRAL EXPRESSWAY,
SUITE 500
DALLAS, TEXAS 75206

ALAN DABDOUB
LYNN PINKER HURST & SCHWEGMANN LLP
2100 ROSS AVENUE, SUITE 2700
DALLAS, TEXAS 75201

SPECIAL COUNSEL TO THE TRUSTEE

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# AMARILLO DIVISION

| | |
|---|---|
| IN RE:<br><br>MCCLAIN FEED YARD, INC., MCCLAIN FARMS, INC., AND 7M CATTLE FEEDERS, INC.,<br><br>*Debtors.*[1] | Chapter 7<br><br>CASE NO. 23-20084-swe<br><br>Jointly Administered |
| KENT RIES, CHAPTER 7 TRUSTEE FOR THE BANKRUPTCY ESTATES OF MCCLAIN FEED YARD, INC., MCCLAIN FARMS, INC., AND 7M CATTLE FEEDERS, INC.,<br>*Plaintiff,*<br>v.<br><br>COMMUNITY FINANCIAL SERVICES BANK; Mechanics BANK; Mechanics BANK; and Mechanics AGRIFINANCE, LLC,<br>*Defendants.* | ADV. PROC. NO. 25-02005-swe<br><br>Honorable Scott. W. Everett |

# TRUSTEE'S NOTICE OF MOOTNESS AND OBJECTION AND RESPONSE TO MECHANICS' MOTION TO DISMISS

---

[1] The Debtors in these chapter 7 cases are: McClain Feed Yard, Inc. (Case No. 23-20084-swe), McClain Farms, Inc. (Case No. 23-20085-swe), and 7M Cattle Feeders, Inc. (Case No. 23-20086-swe).

## **TABLE OF CONTENTS**

INTRODUCTION ...........................................................................................................................1

ARGUMENT & AUTHORITIES .................................................................................................2

    A.    The Court should deny Mechanics' Motion as moot. ...............................................2

    B.    To the extent Mechanics incorporates and relies on the arguments of its codefendants, its Motion fails and should be denied.........................................................................................2

    C.    The Trustee alleged sufficient facts to support a claim for knowing participation in breach of fiduciary duty.................................................................................................................3

    D.    The Trustee sufficiently pleaded a civil conspiracy claim. ............................................4

    E.    The Trustee asserted a plausible professional negligence claim...................................5

    F.    The Trustee's tort claims are not defeated by the affirmative defense of *in pari delicto*..............6

    G.    The Trustee alleged plausible preferential and fraudulent transfer claims...................8

CONCLUSION..............................................................................................................................9

## TABLE OF AUTHORITIES

Cases

*Ultravision Techs., LLC v. Eaton Corp. PLC*, No. 2:19-CV-00290-JRG,
   2019 WL 11250161 (E.D. Tex. Nov. 8, 2019) ................................................................................ 2

*Straehla v. AL Glob. Servs., LLC*, 619 S.W.3d 795 (Tex. App.—San Antonio 2020) ............................. 5

*Lewis v. Davis*, 199 S.W.2d 146 (Tex. 1947) ........................................................................ 6, 7

*In re Vantage Benefits Administrators, Inc.*, No. 18-31351-SGJ-7, 2024 WL 3842796
   (Bankr. N.D. Tex. Aug. 14, 2024) ........................................................................................... 6, 7

*Reagor-Dykes Motors, LP*, No. 18-50214-RLJ-11, 2020 WL 4939180
   (Bankr. N.D. Tex. Aug. 24, 2020) .................................................................................................. 7

*Reagor Auto Mall, Ltd. v. Firstcapital Bank of Tex., N.A. (In re Reagor-Dykes Motors, LP)*,
   No. 18-50214-RLJ-11, 2020 WL 4939180 (Bankr. N.D. Tex. Aug. 24, 2020) .................................... 8

*In re Reagor-Dykes Motors, L.P.*, No. 18-50214-RLJ-11, 2021 WL 1219537
   (Bankr. N.D. Tex. Mar. 30, 2021) ................................................................................................. 8

Kent Ries, the Chapter 7 Trustee of the bankruptcy estates of McClain Feed Yard, Inc. ("**MFY**") (Case No. 23-20084-swe), McClain Farms, Inc. (Case No. 23-20085-swe), and 7M Cattle Feeders, Inc. ("**7M**") (Case No. 23-20086-swe) (the "**Trustee**"), files this notice of mootness and objection to Mechanics Bank's ("**Mechanics'**") *Motion to Dismiss Trustee's Original Adversary Complaint* (ECF No. 31) and *Brief in Support* (ECF No. 32) (collectively, the "**Motion**"), and respectfully requests the Court deny the Motion for the reasons that follow:

## INTRODUCTION

1. For years, Mechanics served as the Debtors' primary depository bank, facilitating McClain's check kite and Ponzo schemes. Instead of stopping the nefarious schemes, Mechanics, which was part of Rabobank when it began banking with Debtors, frequently contacted Rabo about overdrafts in the Debtors' accounts and paid checks at Rabo's direction notwithstanding insufficient funds in Debtors' accounts.. For years, Mechanics sat idle at Rabo's direction while it observed McClain process $2 billion of seemingly purposeless, highly suspicious intercompany transfers. For years, Mechanics honored insufficient funds checks and continued granting provisional, discretionary credits while an evident check kite was afoot. For years, Mechanics dutifully participated in Rabo's pet project, carrying multimillion dollar overdraft balances for the Debtors as if all was normal and nothing amiss. For years, Mechanics contributed to the Debtors digging themselves into a deeper and deeper hole, suffering somehow as a cash poor business that was purporting to make quick and guaranteed cash profits.

2. Now that it is being called to account for its own misdeeds, however, Mechanics acts to ask the Court to wipe its slate clean and dismiss the Trustee's claims against it because, it claims, it was just an innocent bank providing innocent depository services to the Debtors. It claims to have known nothing, seen nothing, said nothing, and done nothing, and therefore asserts it is liable for nothing. But the Trustee has alleged viable claims against Mechanics for its facilitation and perpetuation of McClain's check-kite and Ponzi scheme. Its slate is not clean, and the Court should not wipe it so.

## ARGUMENT & AUTHORITIES

### A. The Court should deny Mechanics' Motion as moot.

3. The Court should deny Mechanics' Motion because it was mooted when the Trustee filed his *First Amended Complaint* and again when the Trustee filed his *Second Amended Complaint*, in accordance with Federal Rules of Civil Procedure 12 and 15, as well as the parties' agreement and the Court's Order (ECF No. 38). Generally, where an amended complaint does not incorporate the prior complaint, the amended complaint moots any motions to dismiss that were pending prior to the amended filing. *See, e.g.*, *Ultravision Techs., LLC v. Eaton Corp. PLC*, No. 2:19-CV-00290-JRG, 2019 WL 11250161, at *1 (E.D. Tex. Nov. 8, 2019) (collecting Fifth Circuit and other authorities).

4. Here, the Trustee has significantly amended the complaint to address the alleged deficiencies Mechanics raised in its Motion, which moots the Motion not only as a matter of law, but also on the merits.

5. Nevertheless, should the Court find the Motion not to be mooted, the Court should still deny it because the Trustee's claims against Mechanics—for knowing participation or aiding and abetting McClain's breaches of fiduciary duties, civil conspiracy, breach of fiduciary duty, professional negligence, and money had and received—as well as the Trustee's Chapter 5 bankruptcy claims, are plausible and viable under controlling Texas law.

### B. To the extent Mechanics incorporates and relies on the arguments of its codefendants, its Motion fails and should be denied.

6. In its motion, Mechanics writes that the Court should dismiss the Trustee's complaint "[f]or the reasons outlined in . . . the motions to dismiss filed by Mechanics Bank's co-defendants, which arguments are incorporated herein." Mot. at 6. To the extent Mechanics thereby incorporated those other motions to dismiss into its motion to dismiss, the Trustee equally incorporates by reference his responses to those motions, which explain why no claims should be dismissed. Since HTLF's, Rabo's, and CFSB's motions should all fail as moot and meritless, so too should Mechanics' Motion.

### C. The Trustee alleged sufficient facts to support a claim for knowing participation in breach of fiduciary duty.

7. Mechanics asserts the Trustee's knowing participation claim should be dismissed because the Trustee has failed to allege McClain owed fiduciary duties to the Debtors, failed to allege Mechanics knew of McClain's duties to the Debtors, and further failed to allege Mechanics participated in McClain's breach of those duties. Mot. 10-11. Mechanics' arguments are misguided and unpersuasive.

8. It is not disputed that McClain was the sole manager of the Debtors for the entire relevant time-period. Mechanics knews McClain was the Debtors' manager and owner because Mechanics had regular business dealings with McClain on behalf of Debtors. Mechanics' claim that the Trustee has not alleged facts showing McClain owed fiduciary duties to the Debtors and that Mechanics was not aware of those duties is disingenuous at best.

9. Mechanics further knew or should have known that McClain, through the Debtors, was perpetrating a massive fraud. As a depository institution, Mechanics has check kiting software that analyzes banking transactions to detect patterns indicative of check kiting schemes. Indeed, the Debtors appeared on Mechanics' internal check kite reports, at times on a near daily basis. Any bank uninterested in facilitating fraud would have investigated why half a billion dollars was moving back and forth between accounts on an annual basis for no apparent purpose. Any bank uninterested in facilitating fraud would not allow its customers to carry seven-figure deficits in its deposit accounts, particularly when there is an evident pattern of transactions from which a check kite is easily discernable. Any bank uninterested in fraud would be alarmed by repeated, large, million-dollar deposits the proceeds of which are immediately transferred right back to the payer. Mechanics was not one of those uninterested banks.

10. To the contrary, Mechanics employees admitted to knowing fraud was afoot. Indeed, as alleged in the Second Amended Complaint, Mechanics COO informed the Trustee that Mechanics was aware "things were going bad" before Rabo kicked McClain out of the businesses and explained that was why they were setting aside money from the Debtors' deposits and maintaining it in a separate

account to hedge against being left with overdraft balances. 2d Am. Compl. ¶ 92. Still other Mechanics employees discussed the suspected check kiting and fraudulent activities on numerous occasions with Rabo personnel, remarking on various occasions that there was "unusual activity," that check kiting appeared to be happening "daily," and that they "didn't think anything was right." 2d Am. Compl. ¶ 95. The red flags were not only evident and obvious; they were also observed and discussed by Mechanics' personnel. Mechanics knew or should have known fraudulent schemes were afoot and put an end to it. Given these admissions and other statements, Mechanics cannot plausibly contend it did not or should not have known of the fraud. Accordingly, its request to dismiss the Trustee's knowing participation claim must be denied.

### D. The Trustee sufficiently pleaded a civil conspiracy claim.

11.     Mechanics argues the Trustee's civil conspiracy claim fails for the same reason that the knowing participation claim should fail. As explained, however, Mechanics' arguments for dismissal of the knowing participation claim fail because Mechanics knew who McClain was, knew he owed fiduciary duties to the Debtors, knew almost all of the Debtors' transactions were fraudulent, and chose to participate. For the same reasons, Mechanics argument for dismissal of the Trustee's civil conspiracy claim also fails.[2]

12.     Mechanics further argues that the Trustee's civil conspiracy claim fails because the Trustee has failed to allege a plausible underlying tort. Mot. at 13-14. Specifically, Mechanics asserts that the "Trustee's failure to plead fraud is fatal to the claim of civil conspiracy." Mot. at 14. Mechanics misses the mark. Fraud is not the only underlying tort that can support a conspiracy claim. Other torts, such as McClain's breach of fiduciary duties owed to the Debtors, can also support a conspiracy claim (as Mechanics' codefendant, CFSB, acknowledged in its motion). *See Straehla v. AL Glob. Servs., LLC*, 619 S.W.3d 795, 805 (Tex. App.—San Antonio 2020).

13.     Mechanics also argues the Trustee failed to allege facts to show a meeting of the minds between Mechanics and McClain and/or Mechanics' codefendants. Mot. at 14. But the Trustee need

---

[2] Mechanics makes the same argument for dismissal of the Trustee's breach of fiduciary duty claim against Mechanics. As that claim did not survive the Second Amended Complaint, the Trustee does not address Mechanics' argument.

not allege the specific moment the parties' minds met or what, if anything, was specifically communicated. Rather, the Trustee need only allege facts sufficient to support an inference that there was a meeting of the minds to survive a motion to dismiss.

14. Here, Mechanics, its codefendants, and McClain conspired together to allow McClain to kite checks, for the purpose (*i.e.*, object) of covering expenses like payments owed to old investors. That alone is enough, considering the check kite alone enabled McClain to further indebt the Debtors to the tune of millions of dollars. Worse, Mechanics knew or should have known from the cash flow problems necessitating the kite, the countless red flags, millions of dollars moving back and forth between the Debtors and investors on the same day, repeated overdrafts, and its internal suspicious transactions alerts, that nefarious banking activities were happening.

15. Mechanics knew or should have known the Debtors were kiting checks because the Debtors needed the float to sustain its evident—and fraudulent-in-appearance operations—afloat. Mechanics knew or should have known that perpetuating fraudulent activities is likely to result in harm to others. But instead of stopping it, Mechanics facilitated the scheme because Rabo told it to, and Mechanics could continue collecting fees all while building its cash reserves.

16. That CFSB, McClain, HTLF, Mechanics, and Rabo conspired to further the scheme is evident from four separate, sophisticated banks and lenders ignoring countless red flags, massive overdrafts, and exploding debts when McClain's growth and business models should've generated substantial profits and excess cash. Though this alone is enough to infer a meeting of the minds, the Trustee sets forth at least eleven overt acts that further evidence a meeting of the minds in the Second Amended Complaint, six of which specifically identify the acts taken by Mechanics from which a meeting of the minds can be inferred. Am. Compl. at ¶ 153.. These allegations suffice to establish the "meeting of the minds" and "overt acts" elements of the civil conspiracy claim.

**E. The Trustee asserted a plausible professional negligence claim.**

17. Next, Mechanics appears to seek dismissal of the Trustee's professional negligence claims, calling it "specious." Mot. at 12. But Mechanics proceeds to merely recite the elements of a

negligence claim without explaining how the Trustee failed to meet those elements. As Mechanics has not alleged the Trustee has failed to meet each element of his professional negligence claim, it cannot be dismissed.

### F. The Trustee's tort claims are not defeated by the affirmative defense of *in pari delicto.*

18. Mechanics, like its co-defendants, also asserts the affirmative defense of *in pari delicto* as grounds on which the Court should dismiss the Trustee's tort claims. As the Trustee has explained in his responses to CFSB's, Rabo's, and HTLF's motions to dismiss, affirmative defenses are generally not ripe for resolution at the motion to dismiss stage. Furthermore, even if the Court were to apply it at this stage, it still would not preclude the Trustee's claims.

19. The defense of *in pari delicto* is governed by the controlling state law applicable to the claim against which the defense is asserted. The Trustee has asserted claims under Texas law, and Mechanics does not argue another state's law should apply. And under Texas law, "even when parties are *in pari delicto*, an exception to the doctrine will sometimes be applied if public policy or the equities demand it." *In re Vantage Benefits Administrators, Inc.*, No. 18-31351-SGJ-7, 2024 WL 3842796, at *21 (Bankr. N.D. Tex. Aug. 14, 2024)

20. 21. This is because the defense of *in pari delicto* is not for the benefit of Mechanics or another joint wrongdoer but rather for the public's benefit. *Id.* (citing *Lewis v. Davis*, 199 S.W.2d 146, 151 (1947)). In *Lewis*, the Texas Supreme Court explained the need to, in each unique case, weigh the policy against a court assisting a wrongdoer against the policy against permitting unjust enrichment of one party (here Mechanics) at the expense of another (here the Debtors and their creditors). *Lewis*, 199 S.W.2d at 151. The answer to that question "depends on the peculiar facts and equities of the case." *Id.* "In other words, a policy analysis must occur on a case-by-case basis." *In re Vantage*, 2024 WL 3842796, at *27.

21. There is often involved in reaching a decision as to granting or withholding relief, the question whether the policy against assisting a wrongdoer outweighs the policy against permitting unjust enrichment of one party at the expense of another. The solution of the question depends upon

the peculiar facts and equities of the case, and the answer usually given is that which it is thought will better serve public policy. In other words, a policy analysis must occur on a case-by-case basis." *Id.* at *27. Such an analysis is not well-suited, if it can be performed at all, at the motion to dismiss stage given that it is highly dependent on the particular facts of each case. *In re Reagor-Dykes Motors, LP*, No. 18-50214-RLJ-11, 2020 WL 4939180, at *13 (Bankr. N.D. Tex. Aug. 24, 2020) (explaining that dismissal of claims because of an affirmative defense at the motion to dismiss state is only appropriate in the rare case when it is established conclusively from the face of the complaint and rejecting the availability of the defense as grounds for dismissal under Rule 12(b)); *see also In re Vantage*, 2024 WL 3842796, at *28 (finding the defense to be so "intensely factual" that it was inappropriate to resolve *even at summary judgment* because the facts were in dispute); *see also* Mot. at ¶¶ 88-89 (citing a long list of Texas federal district court cases finding *in pari delicto* ill-suited for resolution on a Rule 12(b) motion).

22.     Moreover, in considering only the undisputed facts at the summary judgment stage, the bankruptcy court in *In re Vantage* found that even if the wrongdoer's acts are imputed to the debtor-company, the defense would still not bar recovery because the Trustee "is an innocent party seeking recovery from the" defendants "that will benefit innocent creditors," and there was no evidence the Trustee's recovery would benefit the actual wrongdoer. *Id.* at *28. As such, the court there "easily conclude[d] . . . that barring the [t]rustee's tort claims . . . based on *in pari delicto* . . . would **not** outweigh the overall policy of not inflicting additional harm on the innocent victims of the . . . scheme." *Id.* The bankruptcy court in *In re Vantage* even went as far as to recommend granting summary judgment in the trustee's favor on the *in pari delicto* defense even though the trustee had not moved for summary judgment on that defense. *Id.* The conclusion should be no different here, where the Trustee's recovery will in no way benefit McClain or his personal probate estate, and where the *in pari delicto* defense would further harm innocent creditors by cutting off the Trustee's possible avenues for recovering and distributing estate assets.

23.     Accordingly, though Mechanics cites to cases outside the Fifth Circuit applying non-Texas law to support its propositions, Texas law, which is the applicable law here, would not displace

the Trustee's claims on the defense of *in pari delicto*. Thus, even if the Court were to reach the merits of *in pari delicto* under Texas law, it should still deny Mechanics' Motion.

### G. The Trustee alleged plausible preferential and fraudulent transfer claims.

24. In its final effort, Mechanics requests the Court dismiss the Trustee's fraudulent transfer claims against it because, it asserts, the Trustee failed to allege who transferred what to whom. Mot. at 15-20. Mechanics effectively argues that because it was the Debtors' depository bank, it cannot be liable for fraudulent transfers. It then repeats general propositions of law about fraudulent transfers with no apparent import.

25. Mechanics' argument, however, does not account for its liability for fraudulent transfers in the instances where overdraft balances were covered by transfers of the Debtors' funds into the overdrawn account. As alleged in the complaint, the Debtors moved funds between its Mechanics and CFSB accounts to create float, which it accessed to cover outgoing checks to investors. By relying on the float to make necessary payments so often, the Debtors often caused one or more of their accounts to be overdrawn, at times by more than a million dollars. The complaint indisputably alleges these overdrafts occurred, and at least until the end, were subsequently covered by funds transferred from another of the Debtors' accounts or by the Debtors' subsequent deposits. In other words, the transactions at issue are each instance in which the Debtors' money was transferred into an account to repay an overdraft balance (or, put differently, an antecedent debt). Mechanics has its own bank statements and knows precisely which transactions are implicated.

26. "Courts have held that deposits into a debtor's bank account that are used by the bank to cover overdrafts are transfers that may be avoided as preferences under 11 U.S.C. § 547." *Reagor Auto Mall, Ltd. v. Firstcapital Bank of Tex., N.A. (In re Reagor-Dykes Motors, LP)*, No. 18-50214-RLJ-11, 2020 WL 4939180, *4 (Bankr. N.D. Tex. August 24, 2020) (citation omitted). That is precisely what the Second Amended Complaint alleges happened here. Mechanics' argument that it, as the mere depository bank holding the Debtors' funds, was not a transferee is therefore contravened by applicable case law and cannot defeat the Trustee's claims.

27. Moreover, the Trustee need not identify every single possible fact relevant to every single fraudulent transfer he seeks to avoid. To satisfy the Rule 8 pleading standard, the Trustee need not "explicitly include every element of Plaintiff's prima facie case; the elements of the cause of action can be present by implication." *In re Reagor-Dykes Motors, LP*, No. 18-50214-RLJ-11, 2021 WL 1219537, at *9 (Bankr. N.D. Tex. Mar. 30, 2021) (citing *Wooten v. McDonald Transit Assoc., Inc.*, 788 F.3d 490, 499 (5th Cir. 2015)) (other citations omitted). Here, the specific transactions are listed in an exhibit to the complaint and are also, as Mechanics and the Court should infer, on the Mechanics bank statements for the accounts. For the same reason, the Trustee need not allege facts to support the elements that the debtor did not receive equivalent value or that the transfer was made with fraudulent intent for each transaction because the check kiting scheme here was part of a fraudulent, Ponzi-like scheme, and any transfer made in furtherance of the scheme is inherently fraudulent as a matter of law. *Id.* (citations omitted).

28. Yet, the Trustee has clearly pleaded that the Debtor's operations constituted a *Ponzi* scheme and a check kiting scheme whereby funds were floated in order to buy time and access additional cash to further the Debtors' fraud, at least with sufficient specifics to support a *Ponzi-like* scheme as was found to exist in *Reagor-Dykes*. Accordingly, Mechanics has been provided with sufficient factual bases to satisfy the Trustee's burden of providing notice of the constructive fraudulent transfer claims. Mechanics' Motion should therefore be denied in full.

## CONCLUSION

For the reasons set forth above, the Trustee respectfully requests that the Court:

- Deny Mechanics' Motion as moot; or, alternatively,
- Deny Mechanics' Motion on the merits in its entirety; or, alternatively, grant the Trustee leave to amend the complaint to address any sustained deficiencies; and
- Grant such other and further relief to which the Trustee is legally or equitably entitled.

Respectfully submitted,

*/s/ Alan Dabdoub*
Alan Dabdoub
State Bar No. 24056836
adabdoub@lynnllp.com
Steven G. Gersten
State Bar No. 24087579
sgersten@lynnllp.com
Farsheed Fozouni
State Bar No. 24097705
ffozouni@lynnllp.com
Campbell Sode
State Nar No. 24134507
csode@lynnllp.com
**LYNN PINKER HURST & SCHWEGMANN LLP**
2100 Ross Avenue, Suite 2700
Dallas, Texas 75201
Telephone:    214-981-3800
Facsimile:    214-981-3839

*/s/ Hudson M. Jobe*
Hudson M. Jobe
Texas Bar No. 24041189
**JOBE LAW PLLC**
6060 North Central Expressway, Suite 500
Dallas, Texas 75206
(214) 807-0563
hjobe@jobelawpllc.com
**SPECIAL COUNSEL TO THE TRUSTEE**