Richard A. Illmer
Buffey Klein
**HUSCH BLACKWELL LLP**
1900 N. Pearl Street, Suite 1800
Dallas, Texas 75201
t: 214.999.6100
f: 214.999.6170
Rick.Illmer@huschblackwell.com
buffey.klein@huschblackwell.com

Lynn H. Butler
**HUSCH BLACKWELL LLP**
111 Congress Avenue, Suite 1400
Austin, Texas 78701
t: 512.479.9758
f: 512.226.7318
Lynn.Butler@huschblackwell.com

*Counsel for Mechanics Bank*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**
**AMARILLO DIVISION**

| | |
|---|---|
| IN RE:<br><br>MCCLAIN FEED YARD, INC., MCCLAIN FARMS, INC., AND 7M CATTLE FEEDERS, INC.,<br><br>Debtors.[1] | Chapter 7<br><br>CASE NO. 23-20084-swe<br><br>Jointly Administered |
| KENT RIES, CHAPTER 7 TRUSTEE FOR THE BANKRUPTCY ESTATES OF MCCLAIN FEED YARD, INC., MCCLAIN FARMS, INC., AND 7M CATTLE FEEDERS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>COMMUNITY FINANCIAL SERVICES BANK; HTLF BANK; MECHANICS BANK; and RABO AGRIFINANCE, LLC.,<br><br>Defendants. | ADV. PROC. NO. 25-02005-swe<br><br>Honorable Scott W. Everett |

**MECHANICS BANK'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS TRUSTEE'S**
**SECOND AMENDED ADVERSARY COMPLAINT**

---

[1] The Debtors in these chapter 7 cases are: McClain Feed Yard, Inc. (Case No. 23-20084-SWE), McClain Farms, Inc. (Case No. 23-20085- SWE), and 7M Cattle Feeders, Inc. (Case No. 23-20086-SWE) (collectively referred to herein as "Debtors").

1

HB: 4929-3689-2772.2

Defendant Mechanics Bank ("Mechanics") respectfully submits this *Reply in Support of its Motion to Dismiss Trustee's Second Amended Adversary Complaint* ("Reply") pursuant to Federal Rules of Civil Procedure 8(a), 9(b), and 12(b)(6), which are made applicable to this Adversary Proceeding pursuant to Bankruptcy Rule 7012(b).

## I. INTRODUCTION

1. Trustee's Second Amended Complaint [ECF No. 48] (the "Complaint") is founded upon speculation. Mechanics did not know about or participate in any purported check kiting or Ponzi scheme. Mechanics did not control the Debtors or their deposit accounts. Mechanics did not pay the Debtors' insufficient funds checks. Mechanics did not grant the Debtors provisional credit. Mechanics did not serve as the Debtors' lender or otherwise loan funds to the Debtors. Trustee intends to blame Mechanics for the misconduct of Brian McClain and the Debtors, but Trustee's allegations do not support plausible claims against Mechanics.[2] Trustee seeks to recover in excess of $176 million in damages from Mechanics on the false basis that Mechanics loaned Debtors funds, but he cannot identify a single transaction wherein Mechanics allegedly extended credit to a Debtor and then realized on the overdraft through repayment from a subsequent Debtor deposit. Dismissal of Trustee's claims against Mechanics is warranted.

## II. ARGUMENT

**A. Trustee's common-law tort claims are legally deficient because Trustee's allegations are conclusory and fail to plausibly plead his causes of action**

2. The Court need not "accept as true conclusory allegations or unwarranted

---

[2] Additionally, Trustee asserts that "[d]ismissal is [] unwarranted because the Trustee is entitled to discovery from Mechanics." *See* Trustee's Objection and Response to Mechanics' Motion to Dismiss [ECF No. 82] ("Response"), at ¶ 3. Trustee failed, however, to reference or otherwise mention the tens of thousands of pages of records Mechanics has already produced to Trustee. Even with the benefit of pre-litigation discovery and a yearslong investigation into the Debtors, Trustee cannot plead legally plausible claims against Mechanics.

deductions of fact." *Tuchman v. DS Comm'ns Corp.*, 14 F.3d 1061, 1068 (5th Cir. 1994). Trustee must plead his claims with enough factual specificity to establish more than the sheer possibility of misconduct. *See id.* The factual allegations supporting the elements of each claim must be sufficient to make the claim plausible; they cannot be merely conceivable, possible, or conclusory. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). Trustee's conclusory allegations must be disregarded, and his otherwise speculative allegations fail to give rise to plausible claims.

      **i.**    **Trustee failed to adequately plead the *knowing* element of his knowing participation claim**

3. Trustee nakedly concludes that Mechanics controlled the Debtors' accounts, but that allegation is grossly inconsistent with both well-established law[3] and the allegations on the face of the Complaint.[4] Trustee's allegations regarding overdrafts, loans, suspicious transfers, and alleged "red flags" are also conclusory, legally implausible, and do not satisfy Trustee's pleading burden. Trustee has failed to plausibly establish that Mechanics participated in a fraudulent scheme with Brian McClain and the Debtors, which it did not, but he certainly has not plausibly plead that Mechanics did so *knowingly*.

4. In *In re Chris Pettit & Associates*, the U.S. Bankruptcy Court for the Western District of Texas dismissed a trustee's knowing participation in breach of fiduciary duty claim, finding that allegations of red flags and usual banking activity were insufficient to plead the knowing participation claim. *In re Chris Pettit & Associates, P.C.*, 670 B.R. 602, 627-28 (Bankr. W.D. Tex. 2025). There, the court reasoned that allegations of "repeat unscrupulous activity equaling an inference of knowledge fails to properly satisfy Rule 9(b)." *Id.* at 628.[5] "Merely

---

[3] *See* Mechanics' *Brief in Support of its Motion to Dismiss Trustee's Second Amended Adversary Complaint* [ECF No. 67] ("Brief"), at ¶¶ 65-70.
[4] *See* Brief, at ¶ 19 n.14.
[5] *See e.g., Perlman v. Wells Fargo Bank, N.A.*, 559 F. App'x 988, 993 (11th Cir. 2014) (holding that allegations regarding "a multitude of atypical transactions and procedural oddities" did not

3

alleging that [the bank] 'should have known' based on 'red flags' that [debtor] was operating a scheme does not establish that [the bank] knowingly permitted [debtor] to engage in suspicious transactions. Knowing means *knowing*." *Id.* at 628.

5. Here, Trustee has failed to plausibly plead the knowing element of his knowing participation claim, and therefore the claim should be dismissed.

### ii. Trustee failed to adequately plead a meeting of the minds, and therefore his conspiracy claim must fail

6. Trustee's allegations do not describe a meeting of the minds; Trustee's allegations do not establish an agreement between Defendants; nor do Trustee's allegations provide a plausible basis to permit the Court to infer that Defendants engaged in conduct *with the specific purpose* of inflicting harm on Debtors. Trustee must plead a plausible basis in support of each element to maintain his conspiracy cause of action, and he has failed to do so.

7. "Liability for civil conspiracy depends on participation in an underlying tort." *In re Artho*, 587 B.R. 866, 885 (Bankr. N.D. Tex. 2018) (citing *Wooters v. Unitech Int'l, Inc.*, 513 S.W.3d 754, 762 (Tex. App.—Houston [1st Dist.] 2017, pet. denied). "Proof of the conspirators' intent to engage in conduct that results in injury, without more, does not establish a civil conspiracy claim; rather, ***the conspirators must have the specific intent to agree to accomplish an unlawful purpose or a lawful purpose by unlawful means***." *Id.* (emphasis added) (citing *Chu v. Hong*, 249

---

raise a plausible inference of actual knowledge*); Paskenta Band of Nomlaki Indians v. Umpqua Bank*, 846 F. App'x 589, 590 (9th Cir. 2021) (holding that actual knowledge is required and rejecting plaintiff's argument "that various irregularities required further investigation by Umpqua Bank to determine whether Paskenta employees were engaged in wrongdoing."); *Groom v. Bank of Am.*, No. 8:08-CV-2S67, 2012 WL 50250, at *3 (M.D. Fla. Jan. 9, 2012) (holding that the movement of "vast sums of money," engagement in "unusual transactions," and other red flags cannot impute knowledge of breach to the bank); *Nathel v. Siegal*, 592 F. Supp. 2d 452, 468 (S.D.N.Y. 2008) (holding that "to plead the second element ... a plaintiff must allege actual knowledge—allegations of constructive knowledge or recklessness are insufficient" (emphasis added)).

4

S.W.3d 441, 446 (Tex. 2008) (explaining that the alleged conspiratory could only be liable for conspiracy "if he agreed to the *injury* to be accomplished; agreeing to the *conduct* ultimately resulting in injury is not enough") (emphasis in original) (citing *Tri v. J.T.T.,* 162 S.W.3d 552, 556–57 (Tex.2005))). "Conspiracy, thus, requires a specific intent to cause the intended injury." *Id.* (citing *Firestone Steel Prods. Co. v. Barajas*, 927 S.W.2d 608, 614 (Tex. 1996)).

8. The Complaint does not plausibly plead that Mechanics was aware of any agreement to engage in harmful or wrongful conduct towards the Debtors, and it does not plausibly establish that Mechanics was aware of any such harm *at the inception* of the alleged agreement. The Complaint does not plausibly plead that Mechanics jointly participated in or otherwise agreed to engage in wrongful conduct that was *specifically intended to cause an injury to Debtors*. The Complaint does not plausibly establish that Mechanics "saw an opportunity to profit from McClain's misconduct" or that it took steps to achieve that object, which is supported by the fact that Trustee does not allege *how* Mechanics supposedly profited from Brian McClain and Debtors' misconduct. Rather, Trustee tries to infer Mechanics' joint participation in a conspiracy by imputing the conduct of other parties to Mechanics and alleging conduct too attenuated to plausibly constitute a meeting of the minds. Without more, a civil conspiracy cannot be inferred.[6]

9. "[T]he parties must be aware of the harm or wrongful conduct at the inception of

---

[6] Mechanics posed two questions in its *Brief* that Trustee failed to address: (1) *why* would Mechanics participate in McClain's fraud and (2) how did Mechanics allegedly benefit. *See* Brief, at ¶ 20. Trustee cannot explain why Mechanics would participate or how it benefitted because Mechanics did not, in fact, jointly participate in a conspiracy—whether to commit fraud or to knowingly participate in a breach of a fiduciary duty—and Mechanics did not and would not benefit from such participation. This point further explains Trustee's failure to provide a legally sufficient basis to support his conspiracy claim because "inferring an agreement to the ultimate injury generally arises 'from joint participation in the transactions **and from enjoyment of the fruits of the transactions**.'" *Chu*, 249 S.W.3d at 447 (emphasis added) (quoting *Int'l Bankers Life Ins. Co. v. Holloway,* 368 S.W.2d 567, 582 (Tex.1963)).

5

HB: 4929-3689-2772.2

the ... agreement." *Id.* (emphasis added) (quoting *Triplex Commc'ns, Inc. v. Riley*, 900 S.W.2d 716, 719 (Tex. 1995) ("For a civil conspiracy to arise, the parties *must* be aware of the harm or wrongful conduct at the inception of the combination or agreement.") (emphasis added). In *Triplex Commc'ns, Inc.,* the Supreme Court of Texas reasoned that "[o]ne 'cannot agree, either expressly or tacitly, to the commission of a wrong which he knows not of.'" *Triplex Commc'ns, Inc.*, 900 S.W.2d at 719 (Tex. 1995) (citing *Schlumberger Well Surveying Corp. v. Nortex Oil & Gas Corp.,* 435 S.W.2d 854, 856 (Tex.1968). Here, the Complaint fails to plausibly plead that Mechanics was aware of any harm or wrongful conduct towards Debtors; thus, it is equally deficient in plausibly pleading that Mechanics was aware of such *at the inception of* the alleged agreement.

10. Trustee's civil conspiracy claim fails because Trustee did not plead a sufficient factual basis to plausibly establish a meeting of the minds; that Mechanics was a joint participant in an agreement; that Mechanics had a specific intent to cause harm; or that Mechanics was aware of any harm or wrongful conduct at the inception of an alleged agreement. Trustee must plead facts sufficient to "suggest a meeting of the minds between two or more persons *for the purpose of causing* [an] *injury*." *Id.* at 886. The Complaint fails to do that. Trustee's conspiracy claim also fails for the same reasons and to the same extent that his knowing participation claim (*i.e.*, the purported underlying tort) fails. Thus, dismissal is appropriate.

### iii. Mechanics has established as a matter of law that it did not control the Debtors' deposit accounts

11. Trustee refused to address Mechanics' contention that it did not control the Debtors' deposit accounts. Trustee's failure is fatal to, *inter alia*, his professional negligence claim because his cause of action is grounded upon the false and conclusory allegation that "CFSB and Mechanics Bank used their control over Debtors' accounts to make on-the-spot payments to

6

investors demanding payment under fraudulent Partnership Agreements."[7]

12. A bank acting as a depository does not gain dominion and control over a debtor's deposits simply by virtue of being the depository bank. Mechanics did not have authority to direct the use of the Debtors' funds in their depository accounts for its own benefit. Mechanics' role as a depository did not confer dominion and control over the Debtors' account funds, and Trustee's allegations against Mechanics are inconsistent with his own description of other parties' control over Debtors' accounts.[8] The Court should dismiss Trustee's professional negligence claim.

**B. Trustee's fraudulent transfer and preferential treatment claims fail because Trustee cannot plausibly plead that Mechanics loaned funds to the Debtors**

13. Trustee claims, without pleading a plausible basis in support, that Mechanics loaned funds to the Debtors. Trustee's Response confirms that every transaction that is subject to his fraudulent transfer claims against Mechanics—pursuant to both the Bankruptcy Code and the Texas Uniform Fraudulent Transfers Act ("TUFTA")—is dependent upon Trustee's allegations that Mechanics loaned the Debtors funds.[9] Mechanics, however, was not the Debtors' lender, it did not extend credit to the Debtors, and Trustee's unsubstantiated allegations do not constitute a plausible basis for Trustee's fraudulent transfer claims. Such conclusory, blanket allegations should be disregarded by the Court and Trustee's fraudulent transfer claims should fail on the face of the Complaint.

14. Trustee alleges that overdrafts in the Debtors' accounts constituted antecedent debts owed to Mechanics by Debtors and that Debtors subsequently satisfied those debts when funds

---

[7] Compl., at ¶ 163.
[8] *See* Brief, at ¶¶ 65-70 (explaining that Mechanics did not control the Debtors' accounts because it did not have dominion and control over them, *i.e.*, it did not have the legal authority to stop the account principals from disposing of the funds as they pleased); *see also* Brief, at ¶ 19 n.14.
[9] *See* Resp., at ¶¶ 33, 34, 39, 44, 48, 52-58; *see also* Compl., at ¶¶ 30, 38, 123, 126, 154, 220.

were transferred into the Debtors' accounts to cover the overdrafts.[10] Specifically, the Response states that:

- "Paragraphs 211–13, 215, 220–21, and Exhibits D and F of the Trustee's complaint allege actionable overdrafts on Debtors' accounts at Mechanics." Resp., at ¶ 54.

- "For present purposes, the Court can reasonably infer that multi-day overdrafts exist among the $176.2 million in overdrafts alleged by the Trustee . . . ." *Id.*

- "Surely Mechanics must accept the logic of the Trustee's deduction that, among $176.2 million in overdrafts there exist at least some multiple-day overdrafts."

- "The strength of that deduction is reinforced by Exhibits D and F to the Trustee's live complaint, which reflect many instances where the Debtors' Mechanics accounts were overdrawn on consecutive days . . . ." *Id.* at ¶ 55.

15. Even so, the foregoing excerpts do not permit the Court to make the inferential leaps Trustee asks the Court to make.

16. In fact, Trustee's Response effectively concedes the speculative nature of his fraudulent transfer allegations. Trustee asks the Court to infer that Mechanics loaned money to Debtors because among Trustee's specious assertion of $176.2 million in overdrafts, there must have been multiple-day overdrafts.[11] Trustee argues that the Court should merely infer that among the purported $176.2 million in overdrafts, at least *some* of those commingled transactions reflected in Exhibits D and F of the Complaint must have resulted in Mechanics realizing on an antecedent debt covered by a subsequent deposit by a Debtor.

17. That posture vastly departs from Trustee's forceful assertion in the Complaint that "***[e]ach overdraft constituted a loan to the Debtors that was subsequently repaid by future, additional deposits by the Debtors. The overdrafts to Mechanics repaid by the Debtors totals***

---

[10] *See* Resp., at ¶¶ 33, 48.
[11] *See* Resp., at ¶ 54.

*$176,204,076.19.*"[12] Surely Trustee must accept the converse logic of his own deduction that, among $176.2 million in overdrafts, Trustee should be able to identify *at least one example* of an overdraft that was covered by Mechanics and was later repaid by a Debtor deposit, identifying the details necessary to state a plausible claim. Trustee cannot identify such a transaction, however.

18. Trustee's speculative allegations are not grounded upon a plausible factual basis. Accordingly, the Court should dismiss Trustee's fraudulent transfer claims under both the Bankruptcy Code and TUFTA for failure to state a claim upon which relief may be granted.

### III. CONCLUSION

Mechanics Bank respectfully requests that this Court enter its proposed Order [ECF No. 66-1], dismissing the causes of action against Mechanics Bank in their entirety and with prejudice, and grant it such other and further relief to which it is justly entitled.

Dated: September 2, 2025.  Respectfully submitted,

*/s/ Buffey E. Klein*
Richard A. Illmer
State Bar No. 10388350
Husch Blackwell LLP
1900 N. Pearl Street, Suite 1800
Dallas, Texas 75201
(214) 999-6100
(214) 999-6170 (fax)
rick.illmer@huschblackwell.com

Buffey E. Klein
State Bar No. 24032515
Husch Blackwell LLP
1900 N. Pearl Street, Suite 1800
Dallas, Texas 75201
(214) 999-6100
(214) 999-6170 (fax)
buffey.klein@huschblackwell.com

---

[12] Compl., at ¶ 220 (emphasis added).

Lynn Hamilton Butler
State Bar No. 03527350
111 Congress Avenue, Suite 1400
Austin, Texas 78701
Tel: (512) 472-5456
Fax: (512) 479-1101
lynn.butler@huschblackwell.com

**COUNSEL FOR MECHANICS BANK**

10

HB: 4929-3689-2772.2

## **CERTIFICATE OF SERVICE**

    I hereby certify that on September 2, 2025, a true and correct copy of the foregoing was served upon all counsel of record pursuant to the Federal Rules of Bankruptcy Procedure.

                                            */s/ Buffey E. Klein*
                                            Buffey E. Klein

HB: 4929-3689-2772.2